IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Terry Varner, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-cv-00108-DRH-PMF |
| Meyer & Njus, P.A., a Minnesota professional association, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Terry Varner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Terry Varner ("Varner"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Lowe's Visa credit card issued by GE Money Bank.

4. Defendant, Meyer & Njus, P.A. ("Meyer"), is a Minnesota professional

association that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois.  In fact, Defendant Meyer was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mrs. Varner.

## FACTUAL ALLEGATIONS

5. On October 29, 2003, Mrs. Varner and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Varner, S.D. Ill. Bankr. No. 03-34558.  On June 15, 2007, Mrs. and Mr. Varner converted their bankruptcy to a Chapter 7.  Among the debts listed on the Amended Schedule F to Mrs. Varner's bankruptcy, filed on June 15, 2007, was a debt she allegedly owed for a Lowe's Visa card.  See, Amended Schedule F, which is attached as Exhibit A.

6. On June 21, 2007, Lowe's Visa was sent notice of the bankruptcy by the court, via U.S. Mail.  See, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

7. On October 15, 2007, Mrs. Varner received a discharge from liability for her debts from the bankruptcy court and on October 18, 2007, Lowe's Visa was sent notice of the discharge by the bankruptcy court, via U.S. Mail.  See, the Certificate of Service to the Discharge Of Debtor, which is attached as Exhibit C.

8. On October 26, 2007, the Court entered an order closing the case and on October 31, 2007, Lowe's Visa was sent notice of the order closing the case, via U.S. Mail.  See, the Certificate of Service to the Order Closing Case, which is attached as Exhibit D.

9.     Nonetheless, Defendant Meyer sent Mrs. Varner a collection letter dated January 22, 2008, demanding payment of the debt she had allegedly owed to Lowe's Visa prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit E.

10.    All of Defendant Meyer's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e Of The FDCPA --
Demanding Payment Of A Debt That Is Not Owed**

12.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt.  See, 15 U.S.C. § 1692e(2)(A).

13.    Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

14.    Moreover, stating in its collection letter that the amount owed by Mrs. Varner was $1,087.87 (Exhibit E), was also a false statement, because the $700 amount allegedly owed to Lowe's Visa, prior to Mrs. Varner's bankruptcy, no longer accrued interest upon the filing of the amended schedule F in her bankruptcy proceeding (Exhibit A).  Therefore, Defendant Meyer falsely stated the amount of the debt, in further violation of § 1692e of the FDCPA.

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Terry Varner, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Varner, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Terry Varner, demands trial by jury.

                  Terry Varner,

                  <u>/s/ David J. Philipps</u>
                  One of Plaintiff's Attorneys

Dated:  February 13, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com